IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMEON BROME, | No. 4:18-CV-02129 |
| Petitioner, | (Judge Brann) |
| v. | |
| SUPERINTENDENT, SCI DALLAS, *et al.*, | |
| Respondents. | |

## MEMORANDUM OPINION

### DECEMBER 21, 2020

Presently before the Court is Petitioner Dameon Brome's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, challenging the denial of his parole.[1] In the petition, Petitioner seeks his immediate release.[2] Respondents submitted an answer[3] and have since filed a suggestion of mootness, explaining that Petitioner has been now been released on parole.[4]

Article III of the Constitution provides that the judicial power of the United States shall extend only to "cases" and "controversies."[5] "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when

---

[1] Doc. 1.
[2] *See id.* at 16.
[3] Doc. 33.
[4] Doc. 37.
[5] *See* U.S. Const. art. III; *see also Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (noting that "federal courts may adjudicate only actual, ongoing cases or controversies").

the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'"[6] "The mootness doctrine is centrally concerned with the court's ability to grant effective relief: '[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.'"[7]

Here, Petitioner has received the relief he was requesting—his release from prison on parole. Because the Court can grant no further relief requested by Petitioner, the petition is now moot and must be dismissed.

For the reasons set forth above, the petition will be dismissed as moot. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[6] *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)).

[7] See *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 596 (3d Cir. 2010) (quoting *County of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001).